UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAMON SILVA,

                Plaintiff,

   v.

BENJAMIN SANDERS,

                Defendant.

Case No. C19-1734 RSM-BAT

**REPORT AND RECOMMENDATION**

On October 25, 2019, plaintiff filed a *pro se* 28 U.S.C. § 1983 civil rights complaint against Dr. Benjamin Sanders alleging that the doctor is deliberately indifferent to plaintiff's medical needs in violation of the Eighth Amendment. Dkt. 8. For the reasons below, the Court recommends the complaint be **DISMISSED** with prejudice.

## BACKGROUND

The present complaint is one in a continuing series of complaints alleging plaintiff, a detainee at the King County Jail, is being starved. The Court's records show since April, 2019, plaintiff has filed two law suits over his diet at the King County jail. The first two law suits alleged that since the time plaintiff was booked into custody, the jail has denied plaintiff a special religious diet. These complaints did not allege that the jail defendants were starving plaintiff.

REPORT AND RECOMMENDATION - 1

In July 12, 2019, plaintiff filed a third law suit regarding his diet. *See Silva v. Sanders*, 19-1090-JCC. In this law suit plaintiff alleged that since he was booked into the King County Jail on February 16, 2019, defendants were starving plaintiff by "skipping him on breakfast everyday and shorting his sack lunches daily on at least 5 days a week same days dinner was skipped as well." *Id*. at 5. As a result, plaintiff claims he has lost over 25 pounds since he was booked. *Id*. at 7. Plaintiff alleged that when he was weighed on June 2, 2019, he weighed 106 pounds. Id. at 12. As to Dr. Sanders, plaintiff alleged defendant Sanders, the medical director, was deliberately indifferent to plaintiff's medical needs in that plaintiff filed medical grievances addressed to this defendant, *id*. at 9-10, but defendant Sanders provided the state court with an affidavit stating "there was no evidence of starvation" even though plaintiff had lost over 20 pounds since he was booked into the King County jail. *Id.* at 10. Plaintiff contends defendant Sanders failed to treat his medical needs despite knowing plaintiff is "severely underweight." *Id*.

Although plaintiff alleged in the July 12, 2019 complaint he was denied medical care, the complaint also alleges in March 2019, Dr. Wayne Webster "prescribed the plaintiff a medical snack to treat severe weight-loss and malnutrition due to being starved by the officers." *Id*. at 11.

The present complaint alleges on October 3, 2019, at an appointment with Dr. Sanders, plaintiff complained of being starved, being underweight and being tired and lightheaded. Dkt. 8. Dr. Sanders told plaintiff he "appeared healthy." *Id.* As in the complaint filed in July 2019, the complaint alleges Dr. Sanders wrote a declaration to the Court that there is no evidence plaintiff is being starved. *Id.* Plaintiff contends Dr. Sanders is doing nothing about how plaintiff is 107 pounds even though he weighed 130 pounds when he was booked into the jail. *Id.* The complaint further alleges that on July 28, 2019 he was denied "a supplemental snack." *Id.* As relief, plaintiff requests that the Court award money damages in the amount of "3 million dollars."

REPORT AND RECOMMENDATION - 2

# DISCUSSION

The Court may dismiss a complaint where it fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).To sustain a civil rights action under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989). To state a claim against any individual defendant, plaintiff must allege facts showing that the individual defendant participated in or directed the alleged violation or knew of the violation and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998), *cert. denied*, 525 U.S. 1154 (1999); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1948 (2009) (vicarious liability is inapplicable to a § 1983 suit).

It is unclear whether plaintiff is a pretrial detainee or whether he is a post-conviction detainee. If plaintiff is a pretrial detainee, the Court evaluates his claims under the Fourteenth Amendment and an objective deliberate indifference standard. *See Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (applying objective standard to medical care claims and describing similar treatment afforded medical care and other conditions of confinement claims) (citing *Kingsley v. Hendrickson*, ___ U.S. ___, 135 S. Ct. 2466, 2475, 192 L. Ed. 2d 416 (2015), and *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 831, 97 L. Ed. 2d 69 (2017)).[1] A pretrial detainee must demonstrate a defendant's acts or

---

[1] Previously, "all conditions of confinement claims, including claims for inadequate medical care, were analyzed under a subjective deliberate indifference standard whether brought by a convicted prisoner under the Eighth Amendment or pretrial detainee under the Fourteenth Amendment."

REPORT AND RECOMMENDATION - 3

omissions were objectively unreasonable, and identify objective facts indicating the "challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that [objective]." *Kingsley*, 135 S. Ct. at 2473-74. This determination is to be made keeping in mind that "[s]uch considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Bell*, 441 U.S. at 547-48 (internal quotations and citations omitted).

If plaintiff is a post-conviction detainee, a jail or prison officials violates the Eighth Amendment if he or she is "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical need is serious if failure to treat it will result in "'significant injury or the unnecessary and wanton infliction of pain.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc)). A prison official is deliberately indifferent to that need if he "knows of and disregards an excessive risk to inmate health." *Farmer v. Brennan*, 511 U.S. 825, 837.

Here plaintiff alleges defendants have denied him proper medical care by failing to address "being starved," i.e., failing to provide plaintiff an adequate diet. However, the

---

*Gordon*, 888 F.3d at 1122-23 (citing *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242-43 (9th Cir. 2010)). Although the Ninth Circuit has not expressly extended the objective deliberate indifference standard to all pretrial detainee conditions of confinement claims beyond a denial of medical care, failure-to-protect, and to excessive force claims, the decision in *Gordon* strongly suggests it will do so. *See Gordon*, 888 F.3d at 1120, 1124, and 1124 n.2 (citing *Darnell v. Pineiro*, 849 F.3d 17, 36 (2d Cir. 2017) (extending objective deliberate indifference standard to all pretrial detainee conditions of confinement claims)). Hence if plaintiff is post-conviction, the Court would apply the subjective indifference standard.

REPORT AND RECOMMENDATION - 4

complaint does not state facts supporting such a claim against defendant Sanders, First the complaint alleges plaintiff is being starved. This bald allegation is insufficient to state a claim for relief because it sets forth no facts that detail and thus support the allegation.

Second, the complaint alleges defendant Sanders is deliberately indifferent to plaintiff "being starved." However, the complaint's factual allegations do not support this. The complaint alleges plaintiff met with defendant Sanders, not that defendant refused to meet with plaintiff for a medical appointment. The complaint alleges plaintiff and defendant Sanders discussed plaintiff "being starved," not that defendant refused to discuss the concern. These facts establish defendant Sanders engaged with plaintiff and was thus not deliberately indifferent to plaintiff's claim that he is "being starved."

Third, the complaint alleges defendant Sanders disagreed with plaintiff that he was being starved and instead opined that plaintiff was healthy. That defendant Sanders disagreed with plaintiff about being starved is not a factual assertion that states a claim for relief. It is well established that a difference of opinion concerning proper medical care is not sufficient to establish deliberate indifference. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)).

And finally, the complaint alleges plaintiff was denied a supplemental snack starting July 28, 2019. However, plaintiff attached to the complaint a "Reverse Kite" from the jail health services department indicating that the supplemental snacks were being denied because "in the past ten to eleven months, your weight and body mass index remained the same which concludes having snack does not change your weight or your BMI (body mass index)." *See* Dkt. 8 (Complaint, Exhibit 1). The allegation defendant is deliberately indifferent to plaintiff's medical needs is contradicted by the Reverse Kite. The Kite substantiates the jail medical staff did not

REPORT AND RECOMMENDATION - 5

disregard plaintiff's weight complaints and as noted above began providing him additional supplemental snack. That plaintiff received additional snacks is inconsistent with the allegations plaintiff made in the complaint he filed against Dr. Sanders in July 2019, and here. In the earlier complaint plaintiff alleged in March 2019, Dr. Wayne Webster (who ostensibly works under Dr. Sanders the jail medical director), "prescribed the plaintiff a medical snack to treat severe weight-loss and malnutrition due to being starved by the officers." *See Silva v. Sanders* 19-1090.

Since his booking, the jail medical staff tracked plaintiff's weight and BMI. As noted above, over a ten-month period the medical staff noted no changes in plaintiff's weight and BMI and concluded additional supplemental snacks were therefore medically unnecessary. Plaintiff disagrees with the jail medical staff's assessment but a disagreement over the medical treatment does not establish deliberate indifference.

In short, the allegations in the present complaint and allegations plaintiff has asserted in his July complaint further established Dr. Sanders is not deliberately indifferent to plaintiff's medical needs and claims of being starved; instead the record shows Dr. Sanders has taken steps to provide plaintiff with additional medical snacks, that the jail has tracked plaintiff's weight and that based upon that deemed supplemental snacks unnecessary as of July 2019. Plaintiff's disagreement rover the medical treatment and decisions made by the jail medical staff does not state a claim for relief. Even assuming the medical staff is somehow negligent in the care given plaintiff has failed to state a claim for relief because negligence is legally insufficient to establish deliberate indifference.

Because the complaint plaintiff filed is deficient, and essentially raises very similar claims plaintiff raised in his July 2019 complaint against Dr. Sanders, the Court recommends it be **DISMISSED with prejudice**. In reviewing the present complaint in the context of the series

of complaints that plaintiff has filed, Dr. Sanders is clearly not indifferent to plaintiff's claims of being starved. To the contrary, Dr. Sanders continues to meet with plaintiff, allows plaintiff to raise concerns about being starves, and has provided plaintiff an opinion disagreeing with plaintiff. The fact Dr. Sanders disagrees with plaintiff's assessment, and in fact submitted to the state court a declaration regarding plaintiff's health are facts that do not state a claim for relief. Further, Dr. Sanders has facilitated extra snacks for plaintiff, another fact that established the doctor is not deliberately indifferent to plaintiff's needs in violation of the Eighth or Fourteenth Amendments ,and the termination of the snacks was based upon how they had no impact on plaintiff's weight.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters judgment in the case. Objections, however, may be filed no later than **November 21, 2019.**  The Clerk should note the matter for **November 22, 2019**, as ready for the District Judge's consideration.  Objections and responses shall not exceed **eight (8) pages**. The failure to timely object may affect the right to appeal.

The Clerk shall provide a copy of this order to plaintiff and the assigned District Judge.

DATED this 7th day of November, 2019.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7